Richard L. Fredericks, OSB #832034
RICHARD L.   FREDERICKS, P.C.
750 Lawrence, Suite 2
Eugene, OR 97401
Telephone:  (541) 343-6118
rlfred@comcast.net

Attorney for Defendant Sales

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD MACADANGDANG SALES,<br><br>Defendant. | Case No. 6:17-CR-00455-01-AA<br><br>DEFENDANT'S MEMORANDUM<br><br>REGARDING COMPETENCY HEARING |

## 1. BACKGROUND

In December 2017, Mr. Sales was charged with four counts of wire fraud and one count of money laundering. Two FBI agents traveled to Indonesia and escorted Mr. Sales to San Francisco.  Mr. Sales was formally arrested in San Francisco and transported by the U.S. Marshal's to Eugene.  The transportation took two months and involved stops at five jails. Mr. Sales was then 68 years old and the custodial transportation took a serious toll on his health.

In March 2018, Mr. Sales was ordered to the RRC.  After 30 days he was released and he obtained an apartment in Eugene.  Mr. Sales has been on pretrial release since then and has been fully compliant with the terms of his release conditions.

In August of 2018, Mr. Sales' former attorney filed a motion to determine

Richard L. Fredericks, P.C.
Attorney At Law
750 Lawrence St., Suite 2
Eugene OR 97401
541-343-6118

Page - 1

competency.  That motion had appended, a psychological evaluation of Mr. Sales conducted by Dr. David Truhn.  Dr. Truhn concluded that Mr. Sales was not able to competently aid and assist in his own defense.

In February 2019, the government moved the Court for an Order for an evaluation of mental competency of Mr. Sales pursuant to 18 U.S.C. § 4241(b). Based on a presumption that the defense will assert an insanity defense under FRCP 12.2, the government also requested that a psychiatric or psychological examination pursuant to 18 U.S.C. § 4242(a) be performed in conjunction with the mental competency evaluation and that pursuant to §4247(b), Mr. Sales be committed to the custody of the Attorney General for placement at a suitable facility for purposes of conducting the examination.

## 2. DEFENSE POSITION

At the present time, the defense does not  anticipate that an insanity defense will be raised, and has not filed notice of intent to rely on an insanity defense.

The defense does not oppose a further psychological evaluation.  The defense does, however, oppose the Government's request that Mr. Sales be taken in to custody for the evaluation.

## 3. DETERMINATION OF COMPETENCY

### A.    _Standard of Competency codified._

In federal court, a defendant may be declared incompetent if he is presently suffering from a mental disease or defect that renders him (1) unable to understand the nature and consequences of the proceedings against him **or** (2) unable to assist properly in his defense.  U.S.C. § 4241(d).  *See United States v. Friedman,* 366 F.3d 975, 980 (9th Cir. 2005).  The statute codifies the standard of competency set forth in *Dusky v. United States,* 362 U.S. 402 (1960).

Richard L. Fredericks, P.C.
Attorney At Law
750 Lawrence St., Suite 2
Eugene OR 97401
541-343-6118

Page - 2

**B.**    _Test to determine competency._

The test applied to determine competency is (1) whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; and (2) whether he has a rational as well as factual understanding of the proceedings against him. _Dusky,_ 362 U.S. at 402; _Cooper v. Oklahoma,_ 517 U.S. 348, 356 (1996) ("the law on determining competency is well settled" citing _Dusky_).

**C.**    _Reasonable cause for a competency hearing._

In determining whether there is reasonable cause to order a competency hearing, a trial court consider all evidence before it, including evidence of irrational behavior, defendant's demeanor, and medical opinions concerning competence. _See Drope v. Missouri,_ 420 U.S. 162, 180 (1975).  The first step in the inquiry of whether the defendant is incompetent is, typically, an examination of defendant by a psychiatrist, which may be conducted on an out-patient basis or in a custodial situation.

**4.  COMMITMENT FOR PSYCHOLOGICAL OR PSYCHIATRIC EXAM PURSUANT TO § 4241(b) or § 4242 (a)**

**A.**    _Psychiatric or Psychological exam and report under § 4241(b)._

In this case, the government has requested a competency evaluation pursuant to §4241(b).  The statute provides that prior to the hearing, the court may order that a psychiatric or psychological exam be conducted and a report filed with the court, pursuant to provisions in § 4247 (b) and (c).  For purposes of an exam under § 4241(b), § 4247 (b) provides that a court **may** commit the person to be examined to the custody of the Attorney General for placement in a suitable facility for a period not to exceed 30 days, with an extension of up to 15 days for good

Richard L. Fredericks, P.C.
Attorney At Law
750 Lawrence St., Suite 2
Eugene OR 97401
541-343-6118

Page - 3

1    cause.

2    ### *B.      Psychological or psychiatric exam under § 4242(a).*

3    Upon the filing of notice under FRCP 12.2(a) that defendant intends to rely

4    on the defense of insanity, the court shall order a psychological or psychiatric exam

5    (§ 4242(a)), also pursuant to the provisions of § 4247(b) and (c).    For purposes of

6    an exam under §4242, the court may commit a person up to 45 days.  An extension

7    of 30 days under § 4242 may be made upon a showing of good cause.   In this case,

8    an exam pursuant to §4242(b) is inapplicable because defendant has not filed notice

9    that he intends to rely on the defense of insanity.

10   ### *C.      When is a custodial examination as provided in § 4247 appropriate?*

11   The statute (§ 4247), does not articulate a standard for determining under

12   what circumstances a custodial examination (vs. an outpatient examination), for

13   purposes of competency (§4241) or insanity (§4242) is appropriate.  Under the

14   statute, the court is empowered to commit the defendant to the custody of the

15   Attorney General, however, if the court believes that the defendant's examination

16   can be conducted on an outpatient basis, there need not be a commitment under this

17   provision.  *See Newchurch,* 807 F.2d at 410.

18   Obviously, where a defendant is already in custody, then the issue is more

19   readily resolved; the only determination is whether the defendant's current

20   institution is "suitable."  *See e.g., United States v. Loughner,* 770 F. Supp. 2d 1026,

21   1027 (D.C. AZ 2011).

22   However, where a defendant is on pre-trial release, §4247(b) does not give a

23   court "unfettered discretion" to commit a person to the BOP for an inpatient

24   competency evaluation.  *United States v. Neal,* 679 F.3d 737, 740 (8th Cir. 2012).

25   The court's decision is subject to due process requirements.  *Id.* at 741-42.  *See also*

26

Richard L. Fredericks, P.C.
Attorney At Law
750 Lawrence St., Suite 2
Eugene OR 97401
541-343-6118

Page - 4

1    *United States v. Deters,* 142 F.3d 577, 582-84 (10th Cir. 1998); *In re Newchurch,*

2    807 F.2d 404, 409 (5th Cir. 1986).   "Due process ... requires the government, when

3    it deprives an individual of liberty, to fetter his freedom in the least restrictive

4    manner." *Newchurch,* 807 F.2d at 408.  The *Newchurch* court further stated that a

5    person accused of a crime should not be deprived of personal liberty unless his

6    confinement is reasonably necessary to assure his presence at trial or to protect

7    some other important governmental interest." *Id.* at 408-09.

8        In *Neal,* the defendant was on pre-trial release.  The district court ordered an

9    inpatient commitment for a competency evaluation, without a hearing, without

10   requiring the government to present evidence that justified the commitment,

11   without considering the defendant's request for an outpatient evaluation and

12   without making findings of fact concerning the need for commitment.  The case

13   was remanded for further proceedings to comply with due process requirements of

14   restricting defendant's freedom in the least restrictive manner.   The Circuit Court

15   stated that in-custody evaluation was unnecessary where "'the court believes that

16   the defendant's examination can be conducted on an outpatient basis.'"   *Neal,* 679

17   F.3d at 742 (quoting *In re Newchurch*),

18       In *Newchurch,* an order for a custodial exam was vacated where there was

19   no evidence that commitment was necessary or that an examination to determine

20   sanity could not be conducted on an out-patient basis or by confinement of short

21   duration in a hospital near the place of trial.  807 F.2d at 410.   The court held that

22   "a district court should not exact such a deprivation of liberty" unless there is

23   "some evidence that commitment is necessary."  *Id.*

24       Where, as in the instant case, a defendant has been compliant with

25   conditions and orders of the court, it has been found that commitment for an exam

26

Richard L. Fredericks, P.C.
Attorney At Law
750 Lawrence St., Suite 2
Eugene OR 97401
541-343-6118

Page - 5

under §§4241 and 4247 is unnecessary.  *See United States v. Majkowski,* No. 14-189 (D.Ct. Order) (W.D. Penn., 1/17/2017) (not published), where the district court agreed with defense counsel that commitment for defendant's psychological exam pursuant to §§ 4241 and 4247 was not required.  The defendant was not in pre-trial custody.  The court reasoned as follows:

> *"There are insufficient indicia of Defendant's putative noncompliance, and ordering him into the custody of the Attorney General/DOJ, would, on this record, smack of punishment."*

The court noted, however, that if defendant failed to comply with the ordered-procedures for his psychological examination, this may provide an independent justification for commitment under §4247(b).

In *United States v. Song,* 530 Fed. Appx. 255 (4th Cir. 2013) (unpublished), the court vacated a district court's order committing a defendant on pretrial release to the custody of BOP for an inpatient competency evaluation where the record below did not reveal specific factual findings that would justify the commitment. The court stated that "although §4247 (b) used the word "may" when describing a district court's ability to commit a person to the BOP for an exam, "the statute does not grant a district court unbounded discretion to order such a commitment ...."

Government publications indicate a preference for outpatient exams.  DOJ's Criminal Resource Manual, § 64, provides as follows:

> *"The initial competency examination of defendants free on bail should normally be made locally by private psychiatrists or on an outpatient basis at a hospital or clinic.  The use of local examiners whenever possible is important to obviate extensive travel by Bureau of Prison psychiatrists and to avoid due process issues arising from unnecessary infringements of a*

Richard L. Fredericks, P.C.
Attorney At Law
750 Lawrence St., Suite 2
Eugene OR 97401
541-343-6118

Page - 6

1  *defendant's liberty interests."  (citing In Re Newchurch, 807 F.2d 404 (5th*

2  *Cir. 1986).*

3  The BOP "strongly encourages the court to have the initial § 4241 evaluation

4  conducted by outside non-BOP mental health professionals."  U.S. Dept. of Justice,

5  Fed. Bureau of Prisons Legal Resource Guide (2014), Part III (A) *"Title 18 U.S.C.*

6  *Section 4241: Pretrial: Mental Evaluation and Commitment."*   The Guide further

7  states that a "court-ordered study conducted by a community psychologist or

8  psychiatrist is a far quicker and less costly process."

9  **5.  CONCLUSION**

10       The defense does not oppose a further evaluation.  The evaluation should be

11  conducted locally in a non-custodial setting.

13           Respectfully submitted this 12th day of March, 2019

15                    RICHARD L/ FREDERICKS, P.C.

17               */s/ Richard L. Fredericks*

18            Richard L. Fredericks, OSB 832034

Richard L. Fredericks, P.C.
Attorney At Law
750 Lawrence St., Suite 2
Eugene OR 97401
541-343-6118