1  Richard L. Fredericks, OSB #832034
   RICHARD L.  FREDERICKS, P.C.
2  750 Lawrence, Suite 2
   Eugene, OR 97401
3  Telephone:  (541) 343-6118
   rlfred@comcast.net
4
   Attorney for Defendant Sales
5

6

7
      IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON
8
9  UNITED STATES OF AMERICA,          Case No. 6:17-CR-00455-01-AA

10             Plaintiff,             DEFENDANT'S SUPPLEMENTAL
                                      BRIEFING REGARDING COMPETENCY
11       v.                           HEARING

12  RICHARD MACADANGDANG SALES,

13             Defendant.

14   1.  Proving Incompetency/Competency at the Competency Hearing

15             Section 4241(d) requires a preponderance of the evidence to establish the

16   defendant's competency, but does not allocate that burden to either party.   The

17   question of which party bears the burden of proof in a competency proceeding has

18   no clear answer and the circuits have split on the issue.

19             Cases discussing the burden of proof in competency hearings uniformly

20   involve a situation where the *defendant* has claimed to be incompetent.  The Third,

21   Fifth, Seventh and Ninth Circuits have explicitly placed the burden of proof on the

22   government to demonstrate the defendant's competence.  (See *United States v.*

23   *Hoskie,* 950 F.2d 1388, 1392 (9th Cir. 1999, for Ninth Circuit position.)

24             The Fourth and Eleventh Circuits place the burden of proof on the defendant

25   to prove his incompetence, referencing dicta in *Cooper v. Oklahoma,* 517 U.S. 348

26

Richard L. Fredericks, P.C.
Attorney At Law
750 Lawrence St., Suite 2
Eugene OR 97401
541-343-6118

Page - 1

1    (1996).   *See e..g., United States v. Robinson,* 494 F.3d 850 (4th Cir. 2005).

2           In contrast, in this case, Mr. Sales maintains his competency, although the

3    defense initiated (through previous counsel), the competency proceedings.

4    Nonetheless, in this district, the government is tasked with proof of competency - a

5    position inconsistent with the government's position in this case.

6           Some commentators have argued that the party initiating the proceeding to

7    determine competency should bear the burden of proof at the hearing.  A burden-

8    shifting regime would resolve the split between *Hoskie* (9th Circuit) and *Robinson*

9    (4th Circuit).   It would also ensure adversarial proceedings where each party

10   argues a position consistent with its interests.   *See Comment, "An Incompetent*

11   *Jurisprudence:  The Burden of Proof in Competency Hearings"* UC Davis Law

12   Review (2010).

13   2.  Commitment to a "suitable facility"

14          Once a defendant is declared "incompetent," section 4241(d) mandates

15   commitment to the custody of the attorney general for a time period not to exceed 4

16   months to determine if there is a substantial probability that the defendant will

17   become competent.   An additional reasonable period of commitment may be

18   ordered if the charges have not been disposed of, and the court determines there is a

19   substantial probability that the defendant will become competent to stand trial in

20   the foreseeable future.   The prosecution resumes if, after a second competency

21   hearing, the defendant is shown to be competent by a preponderance of the

22   evidence.

23          Non-custodial or out-patient facilities are not an option under the statute.

24   *See United States v. Dalasta,* 856 F.3d 549, 555 (8th Cir. 2017) (held that an

25   alternative proposed by defendant, that the district court order a non-custodial

26

Richard L. Fredericks, P.C.
Attorney At Law
750 Lawrence St., Suite 2
Eugene OR 97401
541-343-6118

Page - 2

1    alternative was foreclosed by the statute, which requires hospitalization);  *United*

2    *States v. Nino,* 750 Fed. Appx. 589 (9th Cir. 2019) (unpublished) also foreclosed

3    the option of outpatient programs  for defendants subject to § 4241(d) (holding that

4    the mandatory commitment provision of  §4241(d) does not violate substantive due

5    process or the Eighth Amendment).  The Court decided it did not need to address

6    the question whether the AG, in his discretion, could use a community restoration

7    program as part of his "custody" over the defendant.

8        There are no procedures for determining how the decisions about placements

9    will be made.  Congress has granted the Attorney General discretion in choosing a

10    "suitable facility" for the hospitalization of "a person committed to his custody

11    pursuant to this chapter." 18 U.S.C. §§ 4247(a)(2), 4247(i).

12        Section 4247 (i) authorizes the AG to contract with states, localities,

13    political subdivisions or private agencies for the confinement, hospitalization or

14    treatment of a person committed pursuant to 18 U.S.C. chapter 313 (includes

15    section 4241(d).

16        In reality, however, the determination of the "suitable facility" is likely to be

17    made by the BOP.  28 CFR § 0.96 ("Delegations") authorizes the Director of BOP

18    to perform "the functions of the Attorney General under the provisions of ... 18

19    U.S.C. 4241-4247,"  which includes the designation of the facility.

20        There is a legitimate concern that the BOP may be inflexible or restrictive in

21    choosing a suitable facility, especially in this case where the defendant is not

22    already in custody, and has not been found to be a danger to the community, despite

23    the provision of §4247 (j), which authorizes alternatives to a BOP facility.  The

24    inflexibility of the BOP may restrict reasonable discretion for placement.  The BOP

25    knows about federal prisons and their capacity to assess, treat and manage prisoners

26

Richard L. Fredericks, P.C.
Attorney At Law
750 Lawrence St., Suite 2
Eugene OR 97401
541-343-6118

Page - 3

with psychiatric needs; however, they may  not be familiar with alternative facilities across states and communities.

In this case, BOP placement will likely be in a different state far from our community.  Moreover, the BOP assessment and treatment units are designed to serve prisoners for whom questions of risk are related to prison safety and management.

Also in this case, the limited flexibility in placement raises the prospect of significant harm, medically and psychologically.  The stress and time associated with transferring Mr. Sales to a distant locality alone, such as FMC Butner, is traumatic and could cause him significant harm.  *See e.g.   United States v. Collins,* 2019 WL 908238 (DC OR 2/22/2019) (slip copy), the Court noted that FMC Butner is "the only BOP medical center currently utilizing a curriculum specifically designed to restore competency to defendants with intellectual disabilities."

In *United States v. Hatter,* 2015 WL 1511015 (DC CA, 3/19/2015) (not reported), the Court noted that a average delay due to lack of bed space at Butner is 45 to 60 days.   In that case defendant had been determined to be a danger to the community and was already in custody.   The only issue was whether the continued detention in custody while the government waited for bed space was a speedy trial question.

It is likely that the AG/ BOP will automatically default to sending Mr. Sales to FMC Butner.  However, in Mr. Sales' case, detention while waiting for bed space at a BOP facility would raise due process concerns, as well as negatively affect his physical and medical health.

In *United States v. Dalasta,* 856 F.3d 549, 555 (8th Cir. 2017), the Court noted that  the BOP's December 2004 Guidelines for Forensic Evaluations included

Richard L. Fredericks, P.C.
Attorney At Law
750 Lawrence St., Suite 2
Eugene OR 97401
541-343-6118

Page - 4

this statement:   "§4241(d) is an inpatient evaluation and must be done in a  BOP Psychiatric Referral Center with an inpatient unit."   The Court stated that:

> "*If that statement reflects an inflexible BOP policy, the BOP may be unduly restricting the AG's statutory discretion to choose a "suitable facility" if circumstances in an unusual case warranted, for example, hospitalization in a local facility accessible to BOP medical experts and less harmful to the defendant.*"  (note:  counsel could not locate a copy of the court-cited document)

Although the Court rejected a defendant's request for  a non-custodial alternative as being foreclosed by the statute, the Court stated that  *"we encourage the BOP not to inflexibly restrict its exercise of discretion in carrying out the Attorney General's § 4241(d) mandate."*

3.  <u>Conclusion</u>

     Given the serious concerns of committing Mr. Sales, it would be ideal to afford additional time for him to undergo further psychiatric/psychological treatment or assessment within the community to see if competency concerns can be allayed before a judicial pronouncement of competency/incompetency is declared.  If a critical, draconian pronouncement of "incompetency" is made, the matter will be out of the jurisdiction of the district court and in the hands of the AG/BOP.

     Unlike most of the cases on the issue, Mr. Sales is not a danger to the community and is not presently in custody.  Instead, he is a 69 year old individual with no criminal history, completely compliant with all conditions of release, and is

///////////////

///////////////

Richard L. Fredericks, P.C.
Attorney At Law
750 Lawrence St., Suite 2
Eugene OR 97401
541-343-6118

Page - 5

1    under a local physician's care for serious medical conditions.  Declaring him to be

2    "incompetent" and sent by Air-Fed to the morass of FMC Butner would be wrong.

3

4                 Respectfully submitted this 7th day of July, 2019

5

6                 RICHARD L/ FREDERICKS, P.C.

7                 */s/ Richard L. Fredericks*

8                 Richard L. Fredericks, OSB 832034

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Richard L. Fredericks, P.C.
Attorney At Law
750 Lawrence St., Suite 2
Eugene OR 97401
541-343-6118