**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Gavin W. Bruce**
Assistant U.S. Attorney
Gavin.Bruce@usdoj.gov
(541) 465-6771
*Reply to Eugene Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
Acting United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

June 28, 2021

Richard Fredericks
750 Lawrence St,
Eugene, OR 97401

      Re:    *United States v. Richard Sales*
              Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count 1 of the Information, which charges Wire Fraud in violation of Title 18, United States Code, Section 1343.

3.    **Penalties**:  The maximum sentence is 20 years' imprisonment, a fine of $250,000, three years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.  Defendant further stipulates to the forfeiture of the assets as set forth below.

4.    **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss the Indictment filed in Case No. 6:17-CR-00455-AA.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**:  In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

Richard Fredericks
Re: Richard Sales Plea Agreement Letter
Page 2
June 28, 2021

First, defendant knowingly devised or intended to devise a material scheme or artifice to defraud, or to obtain money by means of false or fraudulent pretenses, representations or promises, or omissions of fact;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, defendant used, or caused the use of interstate wires to carry out or attempt to carry out an essential part of the scheme.

Defendant admits the elements of the offense alleged in Count One of the Information. Defendant has committed each of the elements of the crime to which he is pleading guilty and admits there is a factual basis for defendant's guilty plea. Defendant further admits that the following facts are true and undisputed:

In January 2012, Richard Sales guaranteed a $45,000 loan made by Adult Victim A.D. to two other individuals. Sales provided a "warrant" document to the two individuals to be used as inducement to A.D. to complete the loan. At the time of the loan, Sales knew that the loan and warrant included materially fraudulent terms or he was aware of the high probability that the loan and warrant included materially fraudulent terms, and deliberately avoided learning the truth.

6.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG §2B1.1 is a Base Offense Level of 7, prior to adjustments.

8.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any

Richard Fredericks
Re: Richard Sales Plea Agreement Letter
Page 3
June 28, 2021

criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.    **Sentencing Recommendation**:  The parties will jointly recommend a sentence of credit for time served, to be followed by three years of supervised release, as long as defendant demonstrates an acceptance of responsibility as explained above.

10.    **Additional Departures, Adjustments, or Variances**:

A.    Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.  The basis for the departure, adjustment, or variance shall be limited to USSG § 5K2 or 18 U.S.C. § 3553.

B.    Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing.  Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled.  Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

11.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

Richard Fredericks
Re: Richard Sales Plea Agreement Letter
Page 4
June 28, 2021

12.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

        If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.    **Restitution**:  Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office.  Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

        Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information.  Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

        The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Richard Fredericks
Re: Richard Sales Plea Agreement Letter
Page 5
June 28, 2021

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court.

Defendant agrees to pay restitution no less than $45,000. The government reserves the right to seek full restitution for all losses caused by defendant's conduct, regardless of whether counts of the Information or Indictment dealing with such losses will be dismissed as part of this plea agreement. Defendant reserves the right to oppose such request.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Richard Fredericks
Re: Richard Sales Plea Agreement Letter
Page 6
June 28, 2021

17.    **Deadline**:  This plea offer expires if not accepted by July 8, 2021 at 5:00 p.m.

Sincerely,

SCOTT ERIK ASPHAUG
Acting United States Attorney


*/s/ Gavin W. Bruce*
GAVIN W. BRUCE
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

29 June 2021
Date

Richard Sales

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

6-29-21

Date

Richard Fredericks
Attorney for Defendant

Revised May 2018

## AGREEMENT TO WAIVE
## STATUTE OF LIMITATIONS

The UNITED STATES OF AMERICA, by and through Assistant United States Attorney Gavin W. Bruce, and RICHARD MACADANGDANG SALES, with his counsel, Richard Fredricks, hereby acknowledge and agree as follows:

1.    SALES is the named defendant charged in *United States v. Richard Macadangdang Sales*, Case No. 6:17-CR-00455.

2.    SALES is charged by Superseding Information with one count of Wire Fraud in violation of 18 U.S.C. § 1343, which alleges, in pertinent part, that on or about January 20, 2012, in the District of Oregon, SALES devised and intended to devise a scheme and artifice to defraud and to obtain monies by means of false and fraudulent pretenses, representations, and promises, and during such period stated above, executed and attempted to execute such scheme and artifice and, in so doing, transmitted and caused to be transmitted in interstate and foreign commerce, by means of wire communications, certain electronic sounds, signals and writings.

3.    SALES intends to make his initial appearance and plead guilty to the Superseding Information on July 9, 2021.

4.    Ms. Fredricks has advised SALES about the protections afforded by the applicable statute of limitations, 18 U.S.C. § 3282(a).

5.    SALES understands and stipulates that it would be in his best interests to waive his right to raise a statute of limitations defense to the Superseding Information.

1

6.     The parties believe it is appropriate to waive any statutes of limitations that may be applicable to the offense and conduct listed in Count One of the Superseding Information, as it allows for the parties to negotiate a proper resolution of the matter.

7.     Therefore, the parties agree that the statutes of limitations applicable to Count One of the Superseding Information is HEREBY WAIVED. The parties further agree such waiver shall not apply to any other matter or extend the limitations period for any offense for which the statute of limitations has run as of the date of this Agreement.

8.     SALES understands the consequences of this Agreement and is entering it knowingly and voluntarily.

9.     No promises, representations, or inducements of any kind, other than those contained herein and in the Plea Agreement, have been made to SALES or his counsel in connection with this Agreement.

10.    SALES acknowledges and stipulates that agreements to waive statutes of limitations as to criminal charges are fully enforceable and that this Agreement will prevent SALES from challenging the Superseding Information, or any such charging instrument based on the conduct contained in the Superseding Information, on the basis that this Agreement is not valid or binding, and that SALES will not be permitted to assert and will not assert that the waiver of any applicable statute of limitations affects the jurisdiction of the Court over the Superseding Information or any such indictment, information, or complaint relating to the charges described therein.

2

Agreed to this 9th day of July, 2021.

FOR THE UNITED STATES:

SCOTT ERIK ASPHAUG
Acting United States Attorney

GAVIN W. BRUCE
Assistant United States Attorney
District of Oregon

FOR DEFENDANT:

Richard Macadangdang Sales

9 July 2021
Date

Richard Fredricks
Attorney for Richard Macadangdang Sales

7-9-2021
Date

3