SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 E 8th Ave., Suite 2400
Eugene, OR 97401
Telephone: (541) 465-6771
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 6:17-CR-00455-AA |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **RICHARD MACADANGDANG SALES,** | |
| **Defendant.** | |

Starting in late 2011 and continuing into 2017, Richard Sales conned numerous victims in the Central Oregon area to participate in a high-yield investment scheme. Victims invested over $900,000, receiving nothing in return.

Based on the conduct Sales admits he committed in January 2012, he should receive a sentence of time-served and three years' supervised release.

/ / /

**Factual Background**

A.      **The Offense Conduct**

Although details of the investment varied, generally, investors understood that Sales was the owner of Drahcir Industries Corporation (Drahcir). Sales claimed to have the ability, through his high-level government contacts, to recover U.S. Treasury notes in East Asia and the Pacific. Sales represented that these notes were worth millions, if not billions, of dollars. Sales claimed that, as part of this recovery process, Drahcir would take control of a certain percentage of these funds, which would then be used to build humanitarian housing projects for victims of natural disasters in third world countries. The investors would benefit by making high interest personal loans to Sales for personal expenses while he met with top government officials in Asia and the Pacific. Sales generally promised a 100% return within 60 days on loans that averaged approximately $100,000. In addition to benefiting from interest on these loans, the victims, many of whom worked in the construction industry, would also benefit by being the recipients of building contracts for these housing projects.

To that end, in January 2012, Sales guaranteed a $45,000 loan made by Adult Victim A.D. to two other individuals. Sales provided a "warrant" document to the two individuals to be used as inducement to A.D. to complete the loan. At the time of the loan, Sales knew that the loan and warrant included materially fraudulent terms or he was aware of the high probability that the loan and warrant included materially fraudulent terms, and deliberately avoided learning the truth.

/ / /

/ / /

**Government's Sentencing Memorandum**                                                                                      Page 2

### B. The Charges

Defendant was initially charged by Indictment with wire fraud and money laundering. Pursuant to the plea agreement, defendant was thereafter charged with one count of wire fraud by Information. Following sentencing, the government will move to dismiss the Indictment.

### C. The Plea Agreement & Guideline Computations

Defendant agreed to plead guilty to the single-count information charging Wire Fraud in violation 18 U.S.C. § 1343. In addition to dismissing the Indictment, the government will, subject to the limitations set forth in the agreement, recommend that defendant receive a two-level reduction for acceptance of responsibility. The government will also jointly recommend with defense a sentence of credit for time served, to be followed by three years of supervised release, as long as defendant demonstrates an acceptance of responsibility.

## Argument

### A. Government's Recommended Sentence

There are many victims who, like Adult Victim A.D., trusted and relied upon fraudulent representations made by Sales. These victims invested over $900,000 in hopes of grand returns on their investments and opportunities to expand their own businesses through Sales' alleged contacts. Yet these investments and contacts never materialized, and they lost everything.

As outlined in the plea agreement, the government agrees to recommend a time-served prison sentence in this unique situation. Yet it should not be assumed that the government does not take very seriously the conduct of the defendant or the loss suffered by the victims. At a future restitution hearing, the government will further expound on the loss suffered by these victims and will ask the Court to order full restitution based on Sales' conduct.

**Government's Sentencing Memorandum**                                                        **Page 3**

## Conclusion

Based on the foregoing, the government recommends that this Court impose a time-served prison sentence, followed by three years of supervised release, subject to the standard conditions. The government will be prepared to request full restitution at a later court hearing.

Dated: October 22, 2021

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*/s/ Gavin W. Bruce*
GAVIN W. BRUCE, OSB #113384
Assistant United States Attorney